OGILVIE *v.* INTER-OCEAN INSURANCE COMPANY.

1. INSURANCE—INDUSTRIAL LIFE INSURANCE—CONDITIONS PRECEDENT
   —GOOD HEALTH.
     A provision in an industrial life insurance policy sold without a
     medical examination that it shall take effect only if the insured
     is in good health on its date of issue is a valid condition prece-
     dent to liability.

2. SAME—INDUSTRIAL LIFE INSURANCE—DEFINITION—GOOD HEALTH.
     A person who had not worked in the 6 months before the issue of
     an industrial life insurance policy, had lost 35 pounds during
     that time, had upon occasion been carried about his house by
     his wife, and by the admission of his wife had been afflicted
     with cancer at the date of the policy, *held,* as a matter of
     law, not to be in good health at the date of issue of the policy.

Appeal from Common Pleas Court of Detroit,
Szymanski (Henry J.), J. Submitted Division 1
February 8, 1968, at Detroit. (Docket No. 3,930.)
Decided August 26, 1968.

Declaration by Annie Ogilvie against Inter-Ocean
Insurance Company, a foreign corporation, to re-
cover on a policy of industrial life insurance. Judg-
ment for plaintiff. Defendant appeals. Reversed.

*Gottlieb, Silitch & Gottlieb,* for plaintiff.

*Ward, Plunkett, Cooney, Rutt & Peacock (Charles
C. Warner,* of counsel), for defendant.

HOLBROOK, J. This action involves an industrial
life insurance policy applied for in June of 1966

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur, Insurance § 741 *et seq.*

and issued without medical examination July 11, 1966, for $1,000 by defendant to plaintiff's husband, Casey D. Ogilvie. Mr. Ogilvie passed away August 2, 1966. Upon defendant's refusal to pay on the policy, plaintiff commenced suit in the common pleas court in the city of Detroit. The trial judge granted judgment to plaintiff and defendant appeals.

The facts are not in dispute. Casey D. Ogilvie had been an employee of Chrysler Motors Corporation; while at work he became sick and was brought home. His last day at work was December 26, 1965. Before his sickness his weight was 170 pounds and at the time that he made his application for insurance he had lost approximately 35 pounds. During the period of his illness, he received disability checks from Chrysler. The testimony shows that the insured was suffering from cancer commencing late in December, 1965.

The attorneys for both parties stipulated in open court at the commencement of the trial to the effect that Mr. Ogilvie died on August 2, 1966, of a lung disease, and that he had a lung disease at the time the policy was issued.

The defendant asserted in its answer an affirmative defense that "defendant will rely upon and show that under the terms of its policy of insurance, the policy was to take effect on its date of issue, provided that the insured is then alive and in good health, but not otherwise. Defendant will rely upon and show that insured was not in good health on the 11th day of July, 1966 and that in fact, at such time was suffering from carcinomatosis of the lungs and that he had been treating with [sic] a doctor from March 15, 1966 for this condition among others." Plaintiff in her answer to the affirmative defense admitted these allegations and asserted that defendant had known of insured's health because the soliciting agent had upon several occasions prior

to and on July 11, 1966, observed and had been advised as to the insured's health.

The trial judge made a finding of fact that the soliciting agent for the defendant was not informed and did not know that Mr. Ogilvie was not in good health at the time the application for insurance was signed.

The policy as issued contained the following clause:

"This policy shall take effect on its date of issue, provided the insured is then alive and in good health, but not otherwise."

It is the general rule that the foregoing good health provision in an industrial life insurance policy issued without a medical examination is a valid condition precedent to liability on the part of the insurer, and where it appears that the insured was not in sound health at the date of issue there can be no recovery. See 60 ALR2d, p 1442, § 10.

In the state of Georgia, this provision has been construed as referring to a change in health between the time of taking the application for insurance and the date of issuance of the policy where the policy is issued without medical examination. See 60 ALR 2d, p 1440, § 9. This rule has not been followed in any other jurisdiction.

In Minnesota, another rule applies by reason of an applicable statute. In *Schmidt* v. *Prudential Ins. Co. of America* (1933), 190 Minn 239 (251 NW 683), the industrial insurance policy contained a provision similar to the one in the instant case and was issued without a medical examination. The insured had been treated for "shortness of breath" which was caused by high blood pressure. It was held as a matter of law that the insured was not in fact in good health. The plaintiff was allowed to recover, however, because of a statute that provided in claims

arising on a policy issued without a medical examination the statement as to age and physical condition contained in the application is valid and binding upon the company unless wilfully false and intentionally misleading. It was held that the company could not circumvent the statute by inserting a condition making the policy void unless the insured was in sound health at date of issue.

We have no similar statute in this jurisdiction. Absent such a statute, the provision is operative. This conclusion appears to be proper by reason of the decision in the case of *Bendford* v. *National Life & Accident Insurance Company* (1959), 356 Mich 52.

Mr. Ogilvie had not been in good health for a period of 6 months prior to the date of issue of the policy; in December, 1965, his employer's doctor had ordered him taken home because he was sick, he had lost 35 pounds in weight during the 6 month interim, disability checks were paid to him during this period because of his illness, on occasion it was necessary for his wife to carry him about the house, and his illness prevented him from working.

The plaintiff knew all of these facts and in addition was informed that her husband was suffering from cancer of the lungs. Also, plaintiff admitted in her pleadings that Mr. Ogilvie had cancer at the date of the policy. As a matter of law, we determine that the insured was not in fact in good health at the date of issue of the policy. *Bendford* v. *National Life & Accident Insurance Company, supra,* p 62.

Our decision herein is confined to the particular facts present in this case. We are constrained to rule that plaintiff cannot recover.

Reversed.

BURNS, P. J., and PETERSON, J., concurred.